# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA BITTNER, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-03874 |
| | § | |
| SANDBOX TRANSPORTATION, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Sandbox Transportation, LLC ("Sandbox Transportation") files this Answer in response to Plaintiff's Original Complaint (Doc. No. 1) and states as follows:

1. Paragraph 1 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

2. Paragraph 2 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

3. The allegations in Paragraph 3 are vague because the term "routinely" is not defined. Sandbox Transportation therefore denies the allegations in paragraph 3.

4. Sandbox Transportation denies the allegations of Paragraph 4.

5. Sandbox Transportation denies the allegations of Paragraph 5.

6. Sandbox Transportation denies the allegations of Paragraph 6.

7. Paragraph 7 states legal conclusions regarding damages sought, for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

8. The allegations in Paragraph 8 are vague because "the relevant time period" is not defined. Sandbox Transportation admits that Plaintiff worked for it and that she was not paid an

overtime rate for a portion of her employment and denies any remaining allegations of fact in Paragraph 8.

  9.  Sandbox Transportation admits the allegations of Paragraph 9.

  10.  Sandbox Transportation admits the allegations of Paragraph 10.

  11.  Sandbox Transportation denies the allegations of Paragraph 11.

  12.  Sandbox Transportation denies the allegations of Paragraph 12.

  13.  Sandbox Transportation denies the allegations of Paragraph 13.

  14.  Sandbox Transportation admits the allegations of Paragraph 14.

  15.  Sandbox Transportation denies the allegations of Paragraph 15.

  16.  Sandbox Transportation admits that it is a trucking company headquartered in Houston, Texas, providing sand hauling and delivery services to the oil and gas industry throughout the United States, but denies the remaining allegations of Paragraph 16.

  17.  Sandbox Transportation denies the allegations of Paragraph 17.

  18.  Sandbox Transportation admits that Plaintiff worked as a Yard Hand in Ohio until August 2017 and denies the remaining allegations in Paragraph 18.

  19.  Sandbox Transportation admits that Plaintiff performed the job duties described in Paragraph 19 and denies that the job duties described in Paragraph 19 were Plaintiff's sole or primary job duties.

  20.  Sandbox Transportation denies that Plaintiff was entitled to time-and-a-half overtime pay and admits the remaining allegations in Paragraph 20.

  21.  Sandbox Transportation denies that Plaintiff's title was "Fork Lift / Equipment Operator" and admits the remaining allegations in Paragraph 21.

22. Sandbox Transportation denies that Plaintiff's title was "Fork Lift / Equipment Operator," denies that Plaintiff was entitled to time-and-a-half overtime compensation, and admits the remaining allegations in Paragraph 22.

23. Paragraph 23 contains legal conclusions for which no response is required.

24. Paragraph 24 contains legal conclusions for which no response is required.

25. Paragraph 25 contains legal conclusions for which no response is required.

26. Sandbox Transportation admits that Plaintiff did not receive time-and-a-half overtime compensation during a portion of her employment and denies that Plaintiff was entitled to such compensation.

27. Sandbox Transportation denies the allegations in Paragraph 27.

28. Sandbox Transportation incorporates its previous answers.

29. Paragraph 29 states a legal conclusion for which no response is required.

30. Paragraph 30 states a legal conclusion for which no response is required.

31. Paragraph 31 states a legal conclusion for which no response is required. Sandbox Transportation admits its annual gross volume of sales or business done is not less than $500,000.

32. Sandbox Transportation admits the allegations in Paragraph 32.

33. Sandbox Transportation admits the allegations in Paragraph 33.

34. Sandbox Transportation denies the allegations in Paragraph 34.

35. Sandbox Transportation admits the allegations in Paragraph 35.

36. Sandbox Transportation denies the allegations in Paragraph 36.

37. Sandbox Transportation incorporates its previous answers.

38. Sandbox Transportation denies the allegations in Paragraph 38.

39. Sandbox Transportation denies the allegations in Paragraph 39.

40. Sandbox Transportation denies the allegations in Paragraph 40.

41. Sandbox Transportation denies the allegations in Paragraph 41.

42. Sandbox Transportation denies the allegations in Paragraph 42.

43. Sandbox Transportation is without knowledge sufficient to form a belief and regarding the allegations of Paragraph 43 and therefore denies the same.

44. Sandbox Transportation denies the allegations in Paragraph 44.

45. Sandbox Transportation denies the allegations in Paragraph 45.

46. Sandbox Transportation incorporates its previous answers.

47. Paragraph 47 states a legal conclusion for which no response is required.

48. Paragraph 48 states a legal conclusion for which no response is required.

49. Sandbox Transportation denies the allegations in Paragraph 49.

50. Sandbox Transportation denies the allegations in Paragraph 50.

51. Sandbox Transportation incorporates its previous answers.

52. Paragraph 52 states a legal conclusion for which no response is required.

53. Paragraph 53 states a legal conclusion for which no response is required.

54. Paragraph 54 is vague because "the relevant time period" is undefined and further states a legal conclusion for which no response is required. To the extent any response is required, Sandbox Transportation denies the allegations of Paragraph 54.

55. Paragraph 55 states a legal conclusion for which no response is required.

56. Sandbox Transportation denies the allegations in Paragraph 56.

57. Paragraph 57 is vague because "times relevant to this case" is not defined, and Paragraph 57 further states a legal conclusion for which no response is required. To the extent any response is required, Sandbox Transportation denies the allegations of Paragraph 57.

58. Sandbox Transportation denies that Plaintiff did not receive all wages owed as alleged in Paragraph 58.

59. Sandbox Transportation denies the allegations of Paragraph 59.

60. Sandbox Transportation denies the allegations of Paragraph 60.

61. Sandbox Transportation denies the allegations of Paragraph 61.

62. Sandbox Transportation incorporates its previous answers.

63. Paragraph 63 states a legal conclusion for which no response is required.

64. Paragraph 64 states a legal conclusion for which no response is required.

65. Sandbox Transportation incorporates its previous answers.

66. Paragraph 66 states a legal conclusion for which no response is required.

67. Paragraph 67 states a legal conclusion for which no response is required. To the extent any response is required, Sandbox Transportation denies the allegations in Paragraph 67.

68. Paragraph 68 is vague because "times relevant to this complaint" is not defined, and Paragraph 68 further states a legal conclusion for which no response is required. To the extent any response is required, Sandbox Transportation denies the allegations of Paragraph 68.

69. Sandbox Transportation denies the allegations of Paragraph 69.

70. Sandbox Transportation denies the allegations of Paragraph 70.

71. Sandbox Transportation denies that Plaintiff is entitled to the relief requested in Paragraph 71.

**AFFIRMATIVE DEFENSES**

Sandbox Transportation asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Sandbox Transportation and that are Plaintiff's burden to prove. Sandbox Transportation reserves the right

to amend or supplement this list of defenses as permitted under the Federal Rules of Civil Procedure:

1. This Court is not the appropriate or most convenient venue, including under the forum non conveniens doctrine and 28 U.S.C. § 1404.

2. The Plaintiff's Original Complaint fails in whole or in part to state a claim or cause of action for which relief may be granted.

3. Plaintiff and any members of the proposed class are not entitled to the damages sought because at all times Sandbox Transportation acted in good faith in the belief that it was not in violation of any of the provisions of the Fair Labor Standards Act ("FLSA") or any applicable state law.

4. Plaintiff and any members of the proposed class were exempt from the overtime provisions of the FLSA and any applicable state law, including but not limited to pursuant to the FLSA's statutory exemptions set forth in 29 U.S.C. § 213.

5. In particular, Plaintiff and any members of the proposed class are not entitled to the damages sought and are barred from bringing claims because their work for Sandbox Transportation was subject to the authority of the United States Secretary of Transportation under the Motor Carrier Act. Accordingly, their claims are subject to the Motor Carrier Act exemption set forth in 29 U.S.C. § 213(b)(1).

6. Plaintiff and any members of the proposed class are not entitled to attorney's fees and costs because Sandbox Transportation complied with all federal laws and at all times acted in good faith.

7. The claims of Plaintiff and any members of the proposed class are limited by the applicable statute of limitations.

8. Sandbox Transportation's actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law.

9. Sandbox Transportation did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law, nor did it exhibit reckless disregard for the requirements of the FLSA or any other applicable law.

10. Sandbox Transportation acted at all times in good faith and in conformity with and in reliance on the written administrative regulation, order, ruling, approval, investigations, and/or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

11. The claims of Plaintiff and any members of the proposed class are barred in whole or in part because they seek to recover damages for time allegedly worked that is de minimus and therefore not compensable under the FLSA or any other state law.

12. The claims of Plaintiff and any members of the proposed class fail because at all times Plaintiff and any members of the proposed class were paid all compensation due and owing in accordance with applicable law.

13. Any claims for overtime compensation and/or liquidated damages are barred or subject to offset by all wages already paid or other compensation provided.

14. Any claims for recovery of overtime compensation and/or liquidated damages are barred for hours allegedly worked without Sandbox Transportation's actual or constructive knowledge.

15. To the extent Plaintiff and any members of the proposed class are entitled to any additional alleged overtime pay, Plaintiff and any members of the proposed class would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

16. Any preliminary and/or postliminary time for which Plaintiff and any members of the proposed class seek compensation is non-compensable and barred by the Portal to Portal Act, including 29 U.S.C. § 254.

17. Plaintiff and any members of the proposed class are not entitled to compensation for time spent on activities that were not compensable work and that were not an integral and indispensable part of their principal job duties.

18. All or part of each claim asserted by Plaintiff and any member of the proposed class is barred by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

19. The claims of Plaintiff and any members of the proposed class are barred by the doctrines of waiver and release, and accord and satisfaction.

20. Plaintiff and any members of the proposed class failed to mitigate losses, if any.

21. The claims of Plaintiff and any members of the proposed class are estopped and/or barred by their own conduct.

22. The claims of Plaintiff and any members of the proposed class are barred to the extent Sandbox Transportation was not their employer.

23. Members of the proposed class are not similarly situated for purposes of the allegations and claims made in this lawsuit.

24. The types of claims for which Plaintiff purports to bring a class action are matters on which individual issues predominate and are not appropriate for a class action.

25. The proposed class lacks the elements described under Federal Rule of Civil Procedure 23, including an adequate class definition, ascertainability, numerosity, commonality, typicality, adequacy, and at least one of the requirements of Rule 23(b).

26. Plaintiff is not a proper class representative.

27. Ohio law does not afford Plaintiff a remedy for an alleged willful overtime violation of the Ohio Minimum Wage Fair Standards Act, Ohio R.C. 4111.01 et seq., which Sandbox Transportation denies exists in this case.

28. Ohio law does not permit Plaintiff to recover liquidated damages.

29. Plaintiff may not recover damages under Ohio's Prompt Pay Act, Ohio R.C. 4113.15, because the wages are disputed.

## CONCLUSION

WHEREFORE, Sandbox Transportation respectfully requests that this Court dismiss this litigation with prejudice and grant Sandbox Transportation any such relief to which it may be entitled.

*/s/Andrew P. Burnside*
Andrew P. Burnside, TX Bar No. 24061200
S.D. Tex No. 924772
Attorney-in-charge
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, Louisana  70139
Telephone:  (504) 648.3840
Facsimile:   (504) 648.3859
Email: drew.burnside@ogletreedeakins.com

**ATTORNEYS FOR SANDBOX TRANSPORTATION, LLC**

**OF COUNSEL:**
Samantha Seaton
Texas Bar No. 24088382
S.D. Tex No. 2182853
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
samantha.seaton@ogletreedeakins.com

Monica L. Lacks
Ohio State Bar: 00748649 (admitted to S.D. Tex. *pro hac vice*)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square, 4100 Key Tower
Cleveland, OH 44114
216.241.6100
Monica.lacks@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF system of filing. A Notice of Electronic Filing will be sent by operation of the ECF system to the following counsel of record:

    Clif Alexander, Esq.
    clif@a2xlaw.com
    Lauren E. Braddy, Esq.
    lauren@a2xlaw.com
    Alan Clifton Gordon
    cgordon@a2xlaw.com
    Carter T. Hastings
    carter@a2xlaw.com
    ANDERSON ALEXANDER, PLLC
    819 N. Upper Broadway
    Corpus Christi, Texas 78401

                                    */s/Andrew P. Burnside*
                                    Andrew P. Burnside